UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE RIDGE MASTER<br>HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:16-cv-02358-JCM-PAL<br><br>ORDER |

Presently before the court is defendants 4039 Meadow Foxtail Dr. Trust's ("Foxtail') and Saticoy Bay LLC Series 4039 Meadow Foxtail Dr.'s ("Saticoy") motion to dismiss. (ECF No. 13). Plaintiff Nationstar Mortgage LLC ("Nationstar") filed a response (ECF No. 18), to which Foxtail and Saticoy replied (ECF No. 19).[1]

**I.　Facts**

This case involves a dispute over real property located at 4039 Meadow Foxtail Dr., Las Vegas, NV 89122 (the "property").

On August 4, 2005, Arthur and Margaret Baltier obtained a loan from Ryland Mortgage Company in the amount of $238,075.00 to purchase the property, which was secured by a deed of trust recorded September 26, 2005. (ECF No. 1 at 4). The deed of trust was assigned to BAC

---

[1] Without leave of the court, Nationstar filed a duplicate response (ECF No. 23) and Saticoy filed a reply (ECF No. 24) and an amended reply (ECF No. 25). *See* LR 15-1(a) ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."). Accordingly, these filings will be stricken. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("BAC") via assignments of deed of trust recorded April 21, and May 4, 2010. (ECF No. 1 at 4). Effective July 1, 2011, BAC merged into Bank of America, N.A. ("BANA"). (ECF No. 1).

On March 18, 2011, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of defendant Sunrise Ridge Master Homeowners Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,103.00. (ECF No. 1 at 4). On July 13, 2011, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,505.50. (ECF No. 1 at 4). On November 21, 2011, NAS recorded a notice of trustee's sale, stating an amount due of $3,688.17. (ECF No. 1 at 5). On December 6, 2011, NAS recorded a second notice of trustee's sale, stating an amount due of $6,183.09. (ECF No. 1 at 5).

On December 17, 2012, BANA requested a ledger from the HOA/NAS, identifying the super-priority amount allegedly owed to the HOA, which NAS allegedly refused to provide. (ECF No. 1 at 6). On December 27, 2012, BANA tendered $1,018.12 to NAS, which NAS allegedly refused. (ECF No. 1 at 6).

On February 1, 2013, Foxtail purchased the property at the foreclosure sale for $6,608.00. (ECF No. 1 at 6). A trustee's deed upon sale in favor of Foxtail was recorded on February 6, 2013. (ECF No. 1 at 6).

After the foreclosure sale had extinguished the deed of trust, it was assigned to plaintiff Nationstar via assignment of deed of trust on July 10, 2013. (ECF No. 1 at 4).

Foxtail executed a grant, bargain, sale deed in favor of Saticoy recorded September 30, 2013. (ECF No. 1 at 6).

On October 10, 2016, Nationstar filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment; (2) breach of NRS 116.1113 against the HOA and NAS; (3) wrongful foreclosure against the HOA and NAS; and (4) injunctive relief against Saticoy. (ECF No. 1).

In the instant motion, Foxtail and Saticoy move to dismiss Nationstar's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13).

## I. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## II. Discussion

### A. Claims (2) through (4)

As an initial matter, the court dismisses, without prejudice, claims (2) through (4) of Nationstar's complaint (ECF No. 1).

Regarding claims (2) and (3), Nationstar's complaint alleges that mediation under NRS 38.330 was held on August 12, 2016, but was unsuccessful. However, Nationstar failed to attach to the complaint a sworn statement indicating that the issues set forth in the complaint have been mediated, but no agreement was obtained as required under NRS 38.330(1). *See* Nev. Rev. Stat. § 38.330(1).

Claim (4) is dismissed without prejudice because the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Accordingly, claims (2) through (4) of Nationstar's complaint are dismissed without prejudice.

### B. Claim (1) – Quiet Title/Declaratory Relief

Nationstar's complaint alleges that it is the beneficiary of the first position deed of trust, which still encumbers the property and is superior to any interest held by Saticoy or the HOA. (ECF No. 1). Nationstar asserts that (1) the notices were deficient, (2) Chapter 116 violates Nationstar's procedural due process rights, (3) the Supremacy Clause bars extinguishment of the

4

deed of trust, (4) BANA tendered the amount due prior to the foreclosure sale, and (5) the foreclosure sale violates the bankruptcy stay. (ECF No. 1).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id*. at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its

lien by sale" upon compliance with the statutory notice and timing rules).

The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

### *1. Notices*

Nationstar's complaint alleges that the foreclosure sale is invalid because the notices failed to identify the superpriority portion of the lien and failed to state that the deed of trust would be extinguished by the foreclosure sale. (ECF No. 1).

These allegations are insufficient to state a plausible claim for relief—*i.e.*, that Nationstar's claim to the property is superior to Saticoy's claim. Nationstar erroneously relies on the version of Chapter 116 that is currently in effect to support its assertion that the notices were defective. The 2015 Legislature substantially revised Chapter 116. *See* 2015 Nev. Stat., ch. 266. The current version of Chapter 116, however, is not controlling here. Rather, the version of Chapter 116 that applies is the version in effect at the time the events giving rise to this action occurred.

At the time the notices were recorded, the statute did not require the notices to identify the superpriority portion of the lien, but only the amount necessary to satisfy the lien. *See, e.g.*, Nev. Rev. Stat. § 116.311635(3) (*eff.* to Sept. 30, 2013) ("[T]he notice of sale . . . must include: (a) The amount necessary to satisfy the lien as of the date of the proposed sale.").

### *2. Due Process*

Nationstar asserts that the foreclosure sale is invalid because Chapter 116 violates its due process rights.

Nationstar's complaint fails to state a claim under due process because, at the time the

notices were recorded and the foreclosure sale took place, Nationstar did not possess a constitutionally protected interest in the property so as to be entitled to notice or otherwise properly state a due process claim. *See, e.g.*, *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (holding that to state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections"). According to the complaint, BANA assigned the deed of trust to Nationstar via assignment of deed of trust on July 10, 2013—after the foreclosure sale, which took place on February 1, 2013. (ECF No. 1 at 4). Therefore, Nationstar has failed to sufficiently allege a deprivation of a constitutionally protected property interest.

### 3. *Supremacy Clause*

Nationstar asserts that the loan is guaranteed under the VA program and that the foreclosure sale cannot extinguish the deed of trust because such action is barred by the supremacy clause. (ECF No. 1).

The VA, however, is not a named party to the instant action. Nor are any defendants seeking to quiet title against the VA. Therefore, this assertion does not plausibly suggest Nationstar's entitlement to quiet title/declaratory relief as to the property.

### 4. *BANA's Rejected Tender*

Nationstar asserts that the foreclosure sale did not extinguish the deed of trust because on December 27, 2012, BANA tendered $1,018.12 to NAS, which NAS allegedly refused. (ECF No. 1 at 6).

However, the notice of trustee's sale recorded on December 6, 2011, prior to BANA's tender, stated an amount due of $6,183.09. (ECF No. 1 at 5). The amount BANA tendered was less than the amount due. Thus, the complaint fails to allege facts sufficient to support an inference that first deed of trust survived the foreclosure sale. *See SFR Investments*, 334 P.3d at 414–18 (noting that the deed of trust holder can pay the entire lien amount—so as to keep its interest from being extinguished upon foreclosure of a superpriority lien—and then sue for a refund).

### 5. *Bankruptcy Stay*

Nationstar asserts that the foreclosure sale is invalid because it violated the automatic bankruptcy stay under 11 U.S.C. § 362(a). (ECF No. 1 at 2–13).

However, according to the complaint, the foreclosure sale took place on February 1, 2013—after the borrowers received a discharge in bankruptcy (October 19, 2011) and after the bankruptcy case was closed (November 14, 2012). (ECF No. 1 at 7).

In light of the foregoing, Nationstar has failed to sufficiently state a claim for quiet title/declaratory relief. The complaint fails to set forth sufficient facts to plausibly suggest an entitlement to quiet title/declaratory relief as to the property. Accordingly, Nationstar's quiet title/declaratory relief claim is dismissed without prejudice.

## III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Foxtail's and Saticoy's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED consistent with the forgoing.

IT IS FURTHER ORDERED that Nationstar's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Nationstar's duplicate response (ECF No. 23), Saticoy's reply (ECF No. 24), and Saticoy's amended reply (ECF No. 25) be, and the same hereby are, STRICKEN.

The clerk is instructed to close the case.

DATED THIS 2nd day of May, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE